

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 28, 1947

Hon. R. P. Spacek, Chairman
Committee on School Districts
House of Representatives
Austin, Texas

Opinion No. V-168

Re: Constitutionality of H. B.
660 relative to refunding
of school bonds, and con-
struction thereof with
respect to authority of
the Board of Education to
exchange for refunding
bonds.

Dear Sir:

Your request for an opinion by this depart-
ment upon the above subject matter is as follows:

"As Chairman of the Committee on School
Districts, I am submitting to you House Bill
#660 by Representative C. B. Moore for your
consideration of the following questions:

(1) If this bill is constitutional
as written.

(2) If this bill becomes a law,
would the State Board of Ed-
ucation have authority to ex-
change bonds not matured for
the new refunding bonds issued
by the same incorporation."

The title to House Bill No. 660, 50th Legis-
lature is "An Act Amending Article 2789 of the Revised
Civil Statutes of the State of Texas, as amended by
Chapter 32, Acts of the Regular Session of the 43rd Leg-
islature, and as further amended by Chapter 331, Acts
of the Regular Session of the 44th Legislature; and
declaring an emergency."

This title states one subject--the amending
of Article 2789 of the Revised Civil Statutes as the
same has been amended-- and the references contained

therein are accurate, and in nowise misleading. It is sufficient.

The amendment contained in the body of the Bill is an exact reproduction on Article 2789, as the same now exists, save only the Bill omits the final words of limitation contained in the present law, to-wit: " . . . in case the rate of interest on the new bonds is not less than the rate of interest on the bonds for which they are exchanged."

While the title states an appropriate subject for any amendment of Article 2789 that would be constitutionally valid, there is injected into the body of House Bill 660 a provision that would render the Act unconstitutional. We refer to the broad power conferred by the body of the Bill in deleting the final words of limitation as to rate of interest as now contained in Article 2789.

In the present form of House Bill 660, therefore, the Bill is invalid, and if enacted into law would be void insofar as it authorizes or applies to any re-funding at a less rate of interest than that carried in the bonds exchanged. To permit the State Treasurer, upon the order of the State Board of Education, to exchange bonds, not matured, held by him for the Permanent School Fund, for the new refunding bonds of the issuing corporation, carrying a lesser rate of interest, would be to violate Section 4 of Article VII of the Constitution, which declares:

"The lands herein set apart to the Public Free School Fund, shall be sold under such regulations, at such times, and on such terms as may be prescribed by law; and the Legislature shall not have power to grant any relief to purchasers thereof. The Comtroller shall invest the proceeds of such sales, and of those heretofore made, as may be directed by the Board of Education herein provided for, in the bonds of the United States, the State of Texas, or counties in said State, or in such other securities, and under such restrictions as may be prescribed by law; and the State shall be responsible for all investments."

This same question arose in connection with House Bill No. 164 of the 48th Legislature, which sought to amend Article 2789, in part, as follows:

Hon. R. P. Spacek, Page 3, V-168

" . . . New bonds, bearing the same
or a less rate of interest, may when or-
dered by the governing board thereof be
issued, either as term bonds or as serial
bonds . . . the State Treasurer shall,
when requested by the governing boards of
said districts, exchange bonds not matured
held by him for the Permanent School Fund
for the new refunding bonds issued by the
same incorporation under the provisions
of this subdivision, provided the interest
rate shall not be lowered or the term ex-
tended without the consent of the State
Board of Education."

This Department, in Opinion No. O-5213, held
that House Bill 164 of the 48th Legislature, was con-
stitutionally invalid, saying:

"The above-quoted section of Article
VII of the Constitution vests in the Comp-
troller, under the direction of the Board
of Education the power -- jurisdiction --
to invest the proceeds of the sales of her
public free school lands in the bonds there-
in stated, or in such other securities under
such restrictions as may be prescribed by
law. This vesiture of jurisdiction is ex-
clusive, and the power and discretion there-
in conferred may not be exercised in any
other way.

"The provision that such investments in
the securities therein mentioned, 'under such
restrictions as may be prescribed by law' nec-
essarily means restrictions prescribed by law
in aid or furtherance of the exercise of the
jurisdiction and powers conferred, and not in
denial or destruction thereof. Thus, the leg-
islature might prescribe under this clause the
relative or maximum amounts of the different
classes of permissible investments, the matur-
ities and rates of interest of such securities,
and the like, but it would have no power to
substitute its discretion for that of the Comp-
troller, under the direction of the Board of
Education.

"the concluding words of the section above quoted are very significant. 'The State shall be responsible for all investments' can only mean that when the Board of Education, acting through the Comptroller, has invested in securities authorized therein, in other words, has exercised its jurisdiction there conferred, the State shall make good any and all losses to the Public Free School Fund to the extent of a guarantor of the securities. This liability of the State generally is a constitutional one, and the Legislature is powerless to absolve it therefrom. The sanctity of our Public Free School Fund is such that the people through the Constitution have in this emphatic manner seen fit to protect it so far as is humanly or governmentally possible.

"When the Board of Education and the Comptroller have acted in the exercise of the power conferred upon them, and have made investments in certain securities, within the scope of that power, they have exercised their jurisdiction, and the benefits of such investments instantly become indelibly fixed in the Public Free School Fund of the State, to the protection of which the State's financial resources are pledged."

It follows, from what we have said, that if House Bill No. 660 should become a law, as written, the State Board of Education would have no authority to exchange bonds unmatured for new refunding bonds issued by the same issuer, but at a lesser rate of interest.

## SUMMARY

House Bill No. 660, 50th Legislature, as it is written, if the same were enacted into law, would be in violation of Section 4 of Article VII of the Constitution of Texas insofar as it may authorize the exchange of bonds owned by the State Board of Educa-

Hon. R. P. Spacek, Page 5, V-168

tion for refunding bonds issued by the
same issuer, but at a lesser rate of in-
terest.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED APR. 28, 1947

ATTORNEY GENERAL OF TEXAS

OS:wb:mrj